IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RICHARD OTTO HANSEN, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:07cv3071 |
| vs. | ) | MEMORANDUM AND ORDER |
| KENNETH VAMPOLA, et al., | ) | |
| Defendants. | ) | |

This matter is before the court for review of the complaint filed by the plaintiff, Richard Otto Hansen, currently a federal prisoner. Also before the court are filing no. 3, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"); filing no. 4, the plaintiff's Motion for Appointment of Effective Counsel; and filing no. 5, the plaintiff's Motion for Leave to Serve Process by United States Marshal. Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of complaints brought by persons in custody, and restricts remedies in prisoner litigation. 28 U.S.C. § 1915A, for example, requires "screening" of prisoner complaints.

Similarly, by moving for leave to proceed IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

1

(iii) seeks monetary relief against a defendant who is immune from such relief.

On or about November 19, 2003, the District Court of Nuckolls County, Nebraska, convicted the plaintiff of pandering. This is not the first time the pandering conviction has come before this court. I previously dismissed Mr. Hansen's habeas corpus petition in Case No. 4:05cv3176, <u>Hansen v. Vampola</u>, in which Mr. Hansen sought release on parole before the expiration of his prison sentence for the pandering offense, so that he could begin the federal sentence he is presently serving. While Case No. 4:05cv3176 was pending, Mr. Hansen transferred to the custody of the Federal Bureau of Prisons, and his state parole issues became moot. Then, in Case No. 8:06cv518, <u>Hansen v. Rios</u>, Senior District Judge Warren K. Urbom dismissed Mr. Hansen's habeas corpus challenge to the pandering conviction itself, as Mr. Hansen had fully served his state sentence, the sentence had expired, and Mr. Hansen was no longer in state custody for the challenged conviction. In Case No. 4:95cr3032, <u>United States v. Hansen</u>, Judge Urbom dismissed Mr. Hansen's Motion under 28 U.S.C. § 2255 as an impermissible collateral attack upon a prior state conviction, i.e., the pandering conviction.

Presently, Mr. Hansen seeks damages for the release on parole which he did not receive before he transferred to federal custody, and for the denial of due process and equal protection allegedly inflicted upon him by the members of the Nebraska Board of Parole during their deliberation and decision process. However, as discussed below, the plaintiff's complaint on its face is defective under both 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). The complaint fails to state a claim on which relief may be granted, and the plaintiff seeks monetary relief from defendants who are immune from such relief. Also, any

claim for prospective injunctive relief is moot.

### Immunity - Individual Capacity

The plaintiff has not alleged any conduct by the defendants beyond the usual function of considering and deciding parole questions. Members of a state parole board "are entitled to absolute immunity when considering and deciding parole questions, as this function is comparable to that of judges." Mayorga v. State of Mo., 442 F.3d 1128, 1131 (8th Cir. 2006). Accord Figg v. Russell, 433 F.3d 593, 598 (8th Cir. 2006) ("parole board members are absolutely immune from suit when considering and deciding parole questions") (citation omitted). "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Figg v. Russell, 433 F.3d at 597.

### Immunity - Official Capacity

State sovereign immunity, as recognized and preserved by the Eleventh Amendment to the U.S. Constitution, bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity. Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Therefore, no damages may be recovered from the defendants in their official capacity.

### Injunctive and Declaratory Relief

As the plaintiff has been released from state confinement, he can no longer seek state parole, and any request for injunctive relief of that kind has become moot. Similarly,

3

because prospective injunctive relief is not available, a declaratory judgment cannot issue directing the defendants to conform their future conduct to federal law. A declaratory judgment establishing only the **past liability** of the state is forbidden by the state's sovereign immunity preserved by the Eleventh Amendment to the Constitution. <u>Verizon Maryland, Inc. v. Public Service Com'n of Maryland</u>, 535 U.S. 635, 646 (2002). See also <u>Ameritech Corp. v. McCann</u>, 297 F.3d 582, 587 (7th Cir. 2002) (As opposed to a declaratory judgment that prospectively requires officials to conform their future conduct to federal law, a declaration of rights which could impose upon the state a monetary loss resulting from a past breach of a legal duty by defendant state officials is prohibited by the Eleventh Amendment.).

## 28 U.S.C. § 1915(e)(2)

28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) provide that this case must be dismissed if the plaintiff is proceeding IFP and the complaint fails to state a claim on which relief may be granted or the plaintiff seeks monetary relief from parties immune from such relief. The plaintiff's complaint does fail to state a claim on which relief may be granted and he does seek damages from immune parties. So, the plaintiff may proceed with this action *only if* IFP status is denied, *and* he pays the court's $350 filing fee.

Therefore, if the plaintiff pays the filing fee by the deadline set forth below, the Clerk of Court will provide the plaintiff with summons forms which the plaintiff may make arrangements to serve upon the defendants. If the plaintiff elects not to pay the filing fee, this case will be subject to dismissal, without prejudice, for failure to prosecute.

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis, is denied for failure to state a claim on which relief may be granted and for seeking monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(ii), (iii); also filing nos. 4 and 5, the plaintiff's additional motions, are denied;

2. That, if the plaintiff wishes to pursue this matter, he shall have until April 15, 2007 to pay the court's $350 filing fee;

3. That if the plaintiff pays the filing fee by April 15, 2007, the Clerk of Court will provide the plaintiff with summons forms which the plaintiff may make arrangements to serve upon the defendants; and

4. That if the plaintiff elects not to pay the filing fee by April 15, 2007, the plaintiff's complaint and this case will be subject, without further notice, to dismissal, without prejudice, for failure to prosecute.

DATED this 20th day of March, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge