IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3071 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | (Appeal) |
| KENNETH VAMPOLA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The appellant, Richard Otto Hansen, a federal prisoner, has filed a Notice of Appeal (filing no. 8), and an Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal (filing no. 9). 28 U.S.C. § 1915(a)(3) states: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997): "District courts should continue to certify pursuant to [28 U.S.C.] § 1915(a)(3) and [Fed. R. App. P.] 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed in forma pauperis on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to [Fed. R. App. P.] 24(a), 'state in writing the reasons for the denial.'"

In filing no. 7, the Memorandum and Order which the plaintiff appeals, I denied the plaintiff's Application for Leave to Proceed IFP in the district court, informing the plaintiff that 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) preclude him from proceeding IFP if he wished to pursue this litigation. I explained that the named defendants are shielded by immunities, that his request for injunctive relief has become moot, that a declaratory judgment establishing only the past liability of the State is forbidden by the State's

1

sovereign immunity preserved by the Eleventh Amendment to the United States Constitution, and that the complaint fails to state a claim on which relief may be granted. Therefore, as stated in filing no. 7, 28 U.S.C. § 1915(e)(2) will not bar the plaintiff from proceeding with this litigation only if he pays the court's $350 filing fee. Otherwise, 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) indicate dismissal.

For the reasons stated here and in filing no. 7, I conclude that the present interlocutory appeal is not taken in good faith.[1] Therefore, filing no. 9, the plaintiff's Application for Leave to Proceed IFP on appeal will be denied.

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the Clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the Clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id.

THEREFORE, IT IS ORDERED:

1. That filing no. 9, the plaintiff's Application for Leave to Proceed In Forma Pauperis on appeal, is denied;

---

[1] See Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

2. That, pursuant to Fed. R. App. P. 24(a)(5), the plaintiff has 30 days, after service of this Memorandum and Order, to file a motion with the Eighth Circuit Court of Appeals for leave to proceed in forma pauperis on appeal; and

3. That, pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit Court of Appeals as notice that the plaintiff has been denied in forma pauperis status on appeal, and the Clerk shall process this appeal to the Eighth Circuit.

DATED this 17th day of April, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge